# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TIMOTHY A. HEWITT,

        Defendant.

Case No. 19-00338-01-CR-W-DGK

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Timothy A. Garrison, United States Attorney, and Kenneth W. Borgnino, Assistant United States Attorney, and the defendant, Timothy A. Hewitt ("the defendant"), represented by attorney Paul D. Cramm.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the Indictment charging him with a violation of 18 U.S.C. § 2252(a)(2) (Attempted Distribution of Child Pornography over the Internet). By entering into this plea agreement, the

defendant admits that he knowingly committed the offense charged, and is in fact guilty of the offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty include the following:

Between on or about March 1 and March 2, 2018, the defendant knowingly uploaded three images of child pornography to the application Rabb.it, knowing that the visual depictions were of minors engaging in sexually explicit conduct. Rabb.it is a social media app that allows users to create and enter online "rooms" together wherein they may simultaneously view electronic media such as images and videos, and to chat in real time regarding those images and videos. The defendant utilized the Rabb.it app on those dates to intentionally and knowingly attempt to distribute those images of child pornography to other persons via the internet.

The first image depicts a prepubescent girl under the age of 10 years old exposing her anus and genitalia in a lascivious manner, whereby an adult male is positioning his erect penis to penetrate her anus. The second image depicts a prepubescent girl under the age of 10 sitting naked on a table with her legs spread in a lascivious manner, her hands positioned in such a manner to be pulling her genitalia and anus apart for the camera to focus on. The third image depicts a prepubescent girl under the age of 10, sitting down with her legs spread wearing only a purple striped shirt, holding an adult male's erect penis and moving it into position to penetrate her exposed genitalia.

2

Rabb.it discovered the defendant's distribution of those three images, and contacted the National Center for Missing and Exploited Children (NCMEC), identifying the IP address of the user as 99.43.224.239. NCMEC in turn contacted the Federal Bureau of Investigation (FBI) who initiated an investigation. The investigation identified the IP address as being associated with the physical address of 15603 Terry Avenue, Belton, Missouri 64012, where the defendant resided. This address is located in the Western District of Missouri. Law enforcement identified the defendant as the suspect through investigative efforts.

The FBI obtained and executed a federal search warrant of the defendant's residence. The defendant was present during the execution of the search warrant. The FBI seized a Dell laptop with an internal hard drive, a 1TB Seagate Backup Plus external hard drive, and an iPhone which all belonged exclusively to the defendant. The defendant was interviewed in a noncustodial interview and voluntarily identified which electronic devices belonged to him and provided the passwords for his devices.

The FBI submitted all devices to the Heart of America Regional Computer Forensics Laboratory for forensic analysis. The forensic review discovered substantial child pornography on both the Seagate external hard drive and the defendant's iPhone. The defendant possessed approximately 600 still images and over 175 video files depicting minors engaging in sexually explicit conduct on the defendant's devices. 214 of the still images and 55 of the video files were identified by NCMEC as depicting known minors, stemming from 116 different

3

known series. Nearly all of the images and videos depict prepubescent minors, with a number depicting toddlers and infants engaged in sexually explicit conduct, to include infants and toddlers engaging in penetrative sexual acts with adult males.

One image depicts an infant being penetrated by adult penises simultaneously in her anus and vagina. The infant appears to be screaming. Another image depicts a naked toddler on the bed with a naked adult male while she has his erect penis in her mouth. One video is 4:52 long and depicts a toddler girl, naked on the bed, being penetrated by an adult male's penis in her genitalia and engaging in other sexual acts. Another video is 9:41 long and depicts a young girl roughly 5 years old being repeatedly sexually abused by an adult male, wherein her genitalia is penetrated by his penis and he makes her perform oral sex on him. Another video is 1:37 long depicting a naked toddler masturbating an adult male's penis to ejaculation.

In addition to the images of child pornography, the defendant possessed 14 obscene cartoon images depicting sexually explicit conduct, to include rape, of toddlers and infants. One image is a cartoon that depicts an infant as she is held up between two large males being penetrated in both her anus and vagina by their penises. There is a line of saliva running from one man's mouth to her own, her arms are being held back, and she appears to be crying. Another image is a cartoon depicting a young girl with her arms chained up in the air, with two large men sexually abusing her. One is behind her holding her legs apart penetrating her from behind, while the other is moving his penis to her mouth.

4

Each of the defendant's devices in which child pornography was located was manufactured outside the state of Missouri, and had travelled in interstate commerce.

The defendant admits the allegations contained in the Forfeiture Allegation of the Indictment, and the defendant agrees to forfeit his interest in the electronic media referenced in the forfeiture count of the indictment, which he admits that he used to store child pornography:

1)     A Seagate Backup Plus Portable Hard Drive, serial Number NA5AGBEV; and

2)     An Apple iPhone A1661, IMEI: 355842082185337.

4.   **Use of Factual Admissions and Relevant Conduct.**   The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2).     The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the Indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5.   **Statutory Penalties.**  The defendant understands that the maximum penalty the Court may impose for Attempted Distribution of Child Pornography over the Internet is not less than five years imprisonment and not more than twenty years imprisonment, a $250,000 fine, from

5

five years to life of supervised release, an order of restitution, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that the Court will assess a special assessment in the amount of $5,000 pursuant to 18 U.S.C. § 3014 should the Court determine that the defendant is not indigent. The defendant understands that Attempted Distribution of Child Pornography is a Class C felony.

The defendant has specifically been advised that the victim in the "2crazygurls," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "2crazygurls," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "At School," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "At School," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Cinderblock Blue," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "Cinderblock Blue," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Jan Socks3," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "Jan Socks3," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Jenny," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "Jenny," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Marineland1," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "Marineland1," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "PinkheartSisters2," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "PinkheartSisters2," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Sweet Pink Sugar," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "Sweet Pink Sugar," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Sweet White Sugar," series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. The defendant agrees to pay $5,000 in restitution to "Sweet White Sugar," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

The defendant has specifically been advised that the victim in the "Vicky," series is petitioning for restitution from every person who received or possessed pictures of her sexual

7

Case 4:19-cr-00338-DGK    Document 27    Filed 06/15/20    Page 7 of 21

abuse. The defendant agrees to pay $5,000 in restitution to "Vicky," or $1,500 if he can pay the latter sum within 30 days of the sentencing date.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range;

b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed, and in defendant's case, the Court must impose a period of supervised release of at least five years;

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. However, pursuant to 18 U.S.C. § 3583(k), if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 251-2260A) or 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428) or Section 1201 (kidnapping) or 1591 (sex trafficking of children or by force, fraud, or coercion) of Title 18 of the United States Code, the law may allow the Court to impose an additional period of imprisonment of five years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

8

f.   any sentence of imprisonment imposed by the Court will not allow for parole;

g.   the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h.   the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court;

i.   the defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings;

j.   the defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in the electronic media (referenced in the forfeiture count of the indictment) which he used to store child pornography and which was seized by law enforcement officials pursuant to a federal search warrant, to wit:   (1)   A Seagate Backup Plus Portable Hard Drive, serial Number NA5AGBEV; and (2) An Apple iPhone A1661, IMEI: 355842082185337.   With respect to these assets which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution; and

k.   the defendant states that he is the sole and rightful owner of the property specified in paragraph "j." above.   He states that to the best of his knowledge no one else has any ownership or other interest in the property.   In the event any federal, state or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state or local agency without further notice or obligation whatsoever owing to the defendant.

7.   **Government's Agreements.**   Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the offenses to which the defendant has pleaded guilty, for which it has venue and which

9

arose out of the defendant's conduct described above. The United States further agrees to dismiss Counts Two and Three of the indictment after defendant has been sentenced.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the

10

defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range;

   b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2(a)(2), which provides for a base offense level of 22;

   c. Because the offense involved a prepubescent minor or a minor who had not yet attained the age of 12 years, the base offense level is enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(2);

11

d. Because the defendant knowingly engaged in distribution, the base offense level is enhanced 2 points pursuant to U.S.S.G. § 2G2.2(b)(3)(F);

e. Because some of the material portrayed sexual abuse or exploitation of an infant or toddler, the offense level is further enhanced 4 points, pursuant to U.S.S.G. § 2G2.2(b)(4);

f. Because the offense involved the use of a computer, the offense level is further enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(6);

g. Because the offense involved more than 600 images, the offense level is further enhanced 5 points, pursuant to U.S.S.G. § 2G2.2(b)(7)(D);

h. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

i. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

j. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

k. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant

12

to the imposition of sentence, may consider any reliable information, including hearsay;

l. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement; and

m. The parties agree that at sentencing the defendant may argue for a sentence below the applicable Guideline range, so long as such argument is for no less than 72 months. The United States agrees that it will not argue for a sentence greater than the top of the Guideline range as calculated by the Court. The defendant, however, understands that the Court may sentence him to any authorized sentence within the statutory range of punishment, and that the Court must sentence him to no less than five years confinement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

13

a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charges in the indictment;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against him;

e. the right to compel or subpoena witnesses to appear on his behalf; and

f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may

14

later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the indictment which are to be dismissed and all other uncharged related criminal activity. The defendant has specifically been advised that the victims depicted within the following known series have requested restitution:

1) 2crazygurls
2) At School
3) Cinderblock Blue
4) Jan Socks3
5) Jenny
6) Marineland1

15

7) PinkheartSisters2
8) Sweet Pink Sugar
9) Sweet White Sugar
10) Vicky

As stated in paragraph 5, the defendant agrees to pay $5,000 in restitution to each victim, or $1,500 to each victim if he can pay the latter sum within 30 days of the sentencing date.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

16

h.  The defendant understands that a separate Special Assessment of $5,000 under 18 U.S.C. § 3014 will be imposed as part of the sentence in this case, should the Court determine that the defendant is not indigent. This Special Assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from this case.

i.  The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

j.  In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17.  **Sex Offender Registration**. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information, including international travel. Defendant shall comply with requirements to periodically verify in person his sex offender

17

registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration agency in the state of Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18. **Government Will Move to Remand Defendant into Custody at the Plea.** The parties agree that the crime to which the defendant is pleading is a crime of violence, as defined by 18 U.S.C. § 3156(a)(4)(C). Accordingly, the government believes that pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after he pleads guilty to the offense and will so move at the conclusion of the hearing.

19. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including,

18

without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

21. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

22. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and

19

approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

23. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

24. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Timothy A. Garrison
United States Attorney

Kenneth W. Borgnino
Assistant United States Attorney
Special Victims Unit

Date: June 15, 2020

20

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

6/15/20

Date:

Timothy A. Hewitt
Defendant

I am defendant Timothy A. Hewitt's attorney. I have fully explained to Mr. Hewitt his rights with respect to the offenses charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Mr. Hewitt's decision to enter into this plea agreement is an informed and voluntary one.

6/15/20

Date

Paul D. Cramm #52220

Paul D. Cramm
Attorney for Defendant Timothy A. Hewitt

21